UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY, an individual, <br><br> Plaintiff, <br> vs. <br><br> PYRAMID PLACE, LLC, an Indiana Limited Liability Company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) <br> CASE NO.: 1:25-cv-1964 |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues PYRAMID PLACE, LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, PYRAMID PLACE, LLC, (hereinafter referred to as "Defendant"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which are the subject of this action, to wit: the "Property", generally located at 8602 Purdue Rd, Indianapolis, IN 46268 (Parcel #6007571 – which includes the overall shopping plaza) and 3450 W. 86th St, Indianapolis, IN 46268 (Parcel #6014660 – which includes the outparcel housing the Einstein's Bagels store). Defendant owns both parcels and is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Properties, collectively the "Pyramid Place Shoppes", are open to the public and provide goods and services to the public.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

10. Plaintiff MR. TOOLEY has visited the Property numerous times over the past two (2) years and attempted to utilize the goods and services offered at the Property because he enjoys the mix of stores and restaurants located there. MR. TOOLEY last visited the Property in mid-August 2025. MR. TOOLEY plans to return to the Property in the near future.

11. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12. MR. TOOLEY continues to desire to visit the Property for its excellent mix of stores and restaurants that he enjoys, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

**8602 Purdue Rd, Indianapolis, IN 46268 (Parcel #6007571) – main shopping plaza:**

    A. Plaintiff encountered numerous parking spaces designated for disabled use throughout the Property which were not accessible due to a lack of proper signage to identify the intended ADA parking spaces as exclusively for disabled use. This issue made it difficult for Plaintiff to recognize and use the disabled use parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

B. Plaintiff encountered an inaccessible parking space designated for disabled use near the Five Guys entrance due to slopes well in excess of 1:48, cracked pavement and a large curb ramp which protrudes into the access aisle of the parking space. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize this disabled use parking space during his visits.

C. Plaintiff encountered inaccessible routes along the south facing section of the building due to the provision of just one curb ramp at the far west corner. This forces persons in wheelchairs to travel an unreasonable distance from the southwest corner to many of the stores in the middle section of the Property. Additionally, there are no nearby ADA parking spaces serving this southern section of the Property. These conditions made it difficult, dangerous and inconvenient for Plaintiff to park and maneuver to tenants Cloud9 Cabinetry, Tian Fu Asian Bistro, Tian Fu Sushi, Firehouse Subs, Yoya Frozen Yogurt and Qdoba Mexican using his wheelchair due to the lack of nearby curb ramp access or ADA parking spaces.

D. Plaintiff encountered an inaccessible curb ramp located near the entrance of Five Guys which was not accessible due to steep running slopes in excess of 1:12, steep side flare slopes in excess of 1:10 and, as noted above, because the ramp improperly protrudes into the ADA parking space located there. These conditions made it difficult and dangerous for Plaintiff to safely maneuver over this curb ramp during his visits.

  E. Plaintiff encountered an inaccessible curb ramp located near the entrance of Team Rehabilitation which was not accessible due to pavement in disrepair including excessive cracking at the bottom of the ramp. These conditions made it difficult and dangerous for Plaintiff to safely maneuver over this curb ramp during his visits.

**3450 W. 86th St, Indianapolis, IN 46268 (Parcel #6014660) – Einstein Bros. Bagels:**

  A. Plaintiff encountered two (2) parking spaces designated for disabled use located at the entrance of Einstein Bros. Bagels which were not accessible due to a lack of proper signage to identify the intended ADA parking spaces as exclusively for disabled use. Specifically, the signs provided are mounted too low (under 60 inches measured from the ground to the bottom edge of the signs) where they may be obstructed by parked vehicles. This issue made it difficult for Plaintiff to recognize and use the disabled use parking spaces and fails to discourage some able-bodied patrons from parking in those spaces.

  B. Plaintiff encountered two (2) parking spaces designated for disabled use located at the entrance of Einstein Bros. Bagels which were not accessible due to slopes well in excess of 1:48, cracked pavement and a large curb ramp which protrudes into the access aisle of the two parking spaces. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize these disabled use parking spaces during his visits.

  C. Plaintiff encountered an inaccessible curb ramp at Einstein Bros. Bagels (the only curb ramp for this building) due to, as noted above, the illegal protrusion of this ramp into the ADA parking spaces and access aisle, steep running slopes in excess of 1:12 and steep side flares in excess of 1:10. These issues made it difficult and dangerous for Plaintiff to maneuver over this ramp using his wheelchair.

14. Plaintiff has visited the entire public premises described herein and encountered numerous barriers throughout.  These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

15. Independent of his intent to return as a patron to the Property because he enjoys the mix of stores and restaurants located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: September 26, 2025.

Respectfully Submitted,

By: *Louis I. Mussman*
Louis I. Mussman, Esq.
Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.

                                                          Attorney No. 24761-84
                                                          Attorney at Law
                                                          6617 Southern Cross Drive
                                                          Indianapolis, Indiana 46237
                                                          Tel: (317) 750-8503
                                                          ebohnet@gmail.com